MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff
MARIA KIRSCHNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA KIRSCHNER,

Plaintiff,

vs.

SUN LIFE ASSURANCE COMPANY OF CANADA, HARWOOD CONSTRUCTION, INC., HARWOOD CONSTRUCTION, INC. EMPLOYEE WELFARE BENEFIT PLAN and DOES 1-10, inclusive,

Defendants.

Case No:

**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN AND ERISA BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF**

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. (hereafter, "ERISA") as it involves a claim by Plaintiff for Group Life Insurance benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under 28 U.S.C. §1331 and 29 U.S.C. §1001, *et seq.* as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), 29 U.S.C. §1132(e)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. At all relevant times, Plaintiff MARIA KIRSCHNER ("PLAINTIFF" and "MS. KIRSCHNER") was married to the decedent, Ted Kirschner. Prior to his death, Ted Kirschner was employed by Defendant HARWOOD CONSTRUCTION, INC. and was a participant in ERISA-governed employee welfare benefit plans provided for the benefit of employees.

5. MS. KIRSCHNER is informed and believes and thereon alleges that Defendant SUN LIFE ASSURANCE COMPANY OF CANADA ("SUN LIFE"), (also doing business as Sun Life Financial and Union Security Insurance Company) is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and authorized to transact and transacting the business of insurance in this state. SUN LIFE is the insurer of the life insurance benefits promised under the Plan and issued group policy number 5211179/0/1 to the Plan. SUN LIFE is an ERISA fiduciary with respect to the Plan, the Plan's participants and the Plan's beneficiaries, including MS. KIRSCHNER.

DONAHUE & HORROW LLP

6. MS. KIRSCHNER is informed and believes and thereon alleges that Defendant HARWOOD CONSTRUCTION, INC. ("HARWOOD CONSTRUCTION"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business in La Verne, California, and is the sponsor of the employee welfare benefit plan established and maintained to provide its employees with life insurance benefits in the event of a death. HARWOOD CONSTRUCTION, as the Plan Sponsor and Plan Administrator, is an ERISA fiduciary with respect to the Plan, the Plan's participants and the Plan's beneficiaries, including MS. KIRSCHNER.

7. MS. KIRSCHNER is informed and believes and thereon alleges that Defendant HARWOOD CONSTRUCTION, INC. EMPLOYEE WELFARE BENEFIT PLAN (the "PLAN"), is an employee welfare benefit plan established and maintained by HARWOOD CONSTRUCTION to provide its employees with life insurance benefits in the event of a death, and is the Plan Administrator. SUN LIFE issued policy number 5211179/0/1 to the Plan and its eligible participants and beneficiaries. This is the Plan under which Ted Kirschner was a participant, and pursuant to which MS. KIRSCHNER, as a named beneficiary, is and was entitled to life insurance benefits covering Mr. Kirschner's life.

8. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to MS. KIRSCHNER who therefore sues said Defendants by such fictitious names. MS. KIRSCHNER is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to MS. KIRSCHNER.

9. Plaintiff is informed and believes, and upon such information and belief alleges that at all times herein mentioned, all Defendants, including the Defendants



DONAHUE & HORROW LLP

named fictitiously, were the agents, brokers, representatives, servants, employees, joint-ventures and/or co-partners of their said co-Defendants and, as such, were acting within the course and scope of such agency, service, partnership, venture, and employment at all times herein mentioned. Further, each and every Defendant ratified the conduct of the other Defendants.

10. Ted Kirschner was, at all relevant times, a resident and citizen of the State of California. MS. KIRSCHNER was Ted Kirschner's wife and the beneficiary of the life insurance benefits at issue herein. MS. KIRSCHNER is a resident and citizen of the State of California.

11. Mr. Kirschner was covered under group life insurance policy no. 5211179/0/1, issued to his employer, HARWOOD CONSTRUCTION, by SUN LIFE. Ted Kirschner's effective date of insurance under the Plan was on or about July 1, 2011. At all relevant times, Ted Kirschner was covered under the Plan for $172,000 in basic life insurance, which was to be paid to his named beneficiary, MS. KIRSCHNER, in the event of his death.

12. Following Mr. Kirschner's death on October 31, 2019, his widow, MS. KIRSCHNER submitted a claim for the life insurance benefits.

13. In support of that claim, HARWOOD CONSTRUCTION – who, in addition to the employer, is the Plan administrator and agent of SUN LIFE – completed an Employer's Statement, indicating that Mr. Kirschner had $172,000 in life insurance coverage at the time of his death.

14. By letter dated July 1, 2020, SUN LIFE informed MS. KIRSCHNER that it was only partially approving her life insurance claim. While SUN LIFE approved MS. KIRSCHNER's life insurance claim, it only paid her $129,000 in life insurance benefits (plus interest), rather than the full $172,000, plus interest, that she was owed. That letter represented the first time that SUN LIFE or any other Plan administrator or representative stated that Ted Kirschner did not have $172,0000 in life insurance coverage under the Plan.



DONAHUE & HORROW LLP

15. Under the terms of the PLAN, an employee is entitled to life insurance coverage for up to two times his or her salary. In or about July 2017, Mr. Kirschner's salary increased to $84,375.20, and he requested a corresponding increase in his life insurance coverage, as allowed per the Plan. In doing so, Mr. Kirschner provided all of the information requested by SUN LIFE and its agent, HARWOOD CONSTRUCTION.

16. At all relevant times, HARWOOD CONSTRUCTION and SUN LIFE were aware that Mr. Kirschner believed that he qualified for and was granted $172,000 in life insurance coverage

17. At no time, following his July 2017 application was Mr. Kirschner informed that he only qualified for $129,0000 in life insurance coverage under the Plan.

18. As Mr. Kirschner was never informed that he did not qualify for the additional coverage for which he applied, he assumed and relied upon the fact that he qualified for and was granted $172,000 in life insurance coverage. It was based on that information and belief, also held by HARWOOD CONSTRUCTION that MS. KIRSCHNER made her claim for $172,000 in life insurance benefits.

19. MS. KIRSCHNER was not paid all of the life insurance benefits that she was properly owed as a beneficiary of her late husband's coverage under the Plan. By letter dated July 1, 2020, SUN LIFE explained that Ms. Kirschner was only paid $129,000 because that "was the last amount that [SUN LIFE] received the required Evidence of Insurability [for] to increase the benefit amount."

20. HARWOOD CONSTRUCTION was responsible for handling the Evidence of Insurability when required under the terms of the Plan. HARWOOD CONSTRUCTION, as the policyholder, Plan administrator and employer, owed Mr. Kirschner its fiduciary duty to act in Mr. Kirschner's best interest and comply with the terms of the Plan. It did not meet those duties. HARWOOD CONSTRUCTION did not inform Mr. Kirschner that his application for additional benefits had not been

approved, so that he could appeal or otherwise attempt to perfect his application. HARWOOD CONSTRUCTION did not request additional information from Mr. Kirschner regarding his initial application for additional benefits. HARWOOD CONSTRUCTION did not tell Mr. Kirschner that he only had $129,000 in life insurance coverage.

21. As the insurer and claim administrator, SUN LIFE was responsible for HARWOOD CONSTRUCTION's actions. It also owed Mr. Kirschner a fiduciary duty, which it did not meet. SUN LIFE owed Mr. Kirschner a duty to communicate with him. Yet, SUN LIFE failed to communicate to Mr. Kirschner that his application for additional benefits had not been approved, failed to request additional information from Mr. Kirschner regarding his initial application for additional benefits, failed to tell him what information it needed before it would accept his application and did not tell him that he only had $129,000 in life insurance coverage.

22. All available evidence demonstrates that HARWOOD CONSTRUCTION believed that Mr. Kirschner had $172,000 in life insurance coverage at the time of his death, and acted on that belief. HARWOOD CONSTRUCTION represented to Mr. Kirschner that he had $172,000 in life insurance coverage at the time of his death and made the same representation to SUN LIFE and MS. KIRSCHNER in the Employer Statement prepared in support of MS. KIRSCHNER's claim for benefits. Mr. Kirschner reasonably believed and relied upon this representation.

23. MS. KIRSCHNER is informed and believes, and on that basis alleges that, at all relevant times, HARWOOD CONSTRUCTION paid, and SUN LIFE accepted, life insurance premiums for the increased level of coverage.

24. MS. KIRCHNER timely appealed SUN LIFE's claim decision, and in a letter dated September 29, 2020 detailed all of the reasons SUN LIFE's failure to pay her the full $172,000 in life insurance benefits was incorrect, and contrary to the available evidence, Plan language and controlling case law.



DONAHUE & HORROW LLP

25. After further communication between MS. KIRSCHNER and SUN LIFE, she was informed, by letter dated February 1, 2021, that SUN LIFE was upholding its earlier claim decision that MS. KIRSCHNER was not entitled to the full $172,000 in life insurance benefits.

26. MS. KIRSCHNER has exhausted all administrative remedies, and this dispute between the parties is appropriate for litigation.

**FIRST CLAIM FOR RELIEF FOR BENEFITS UNDER 29 U.S.C. § 1132(a) AGAINST DEFENDANTS SUN LIFE ASSURANCE COMPANY OF CANADA AND HARWOOD CONSTRUCTION, INC. GROUP LIFE INSURANCE EMPLOYEE BENEFIT PLAN**

27. MS. KIRSCHNER incorporates the previous paragraphs as though fully set forth herein.

28. MS. KIRSCHNER made a timely claim for benefits under the Plan, but her claim for benefits, and related appeal, were denied.

29. MS. KIRSCHNER's administrative remedies have been exhausted and she has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

30. As a direct and proximate result of SUN LIFE's denial of the full amount of life insurance benefits due to her under the Plan, MS. KIRSCHNER has been deprived of said benefits from about October 31, 2019 to the present date.

31. As a further direct and proximate result of the denial of benefits, MS. KIRSCHNER has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

32. A controversy now exists between the parties as to whether MS. KIRSCHNER is entitled to additional life insurance benefits under the Plan. MS. KIRSCHNER seeks the declaration of this Court that she is entitled to additional life

insurance benefits from the Plan.

**SECOND CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER ERISA 29 U.S.C. § 1132(a) AGAINST DEFENDANTS SUN LIFE ASSURANCE COMPANY OF CANADA, HARWOOD CONSTRUCTION, INC., HARWOOD CONSTRUCTION, INC. GROUP LIFE INSURANCE EMPLOYEE BENEFIT PLAN AND DOES 1 THROUGH 10**

33. MS. KIRSCHNER incorporates the previous paragraphs as though fully set forth herein.

34. HARWOOD CONSTRUCTION is the Plan Administrator for the Plan.

35. As Plan Administrator for the Plan, HARWOOD CONSTRUCTION owes a fiduciary duty to participants and beneficiaries of the Plan, including Ted Kirschner and MS. KIRSCHNER.

36. SUN LIFE is the Claims Administrator for the Plan.

37. As Claims Administrator for the Plan, SUN LIFE owes a fiduciary duty to participants and beneficiaries of the Plan, including Ted Kirschner and MS. KIRSCHNER.

38. SUN LIFE breached its fiduciary duties under ERISA in the following respects:

a) Failing to follow ERISA's mandates in its communications with Ted Kirschner and/or MS. KIRSCHNER; and

b) Failing to properly maintain records as required by ERISA.

39. HARWOOD CONSTRUCTION breached its fiduciary duties under ERISA in the following respects:

a) Failing to follow ERISA's mandates in its communications with Ted Kirschner and/or MS. KIRSCHNER



DONAHUE & HORROW LLP

b) Providing incorrect information to Ted Kirschner and MS. KIRSCHNER regarding his application for increased life insurance benefits coverage under the Plan;

c) Misleading Ted Kirschner and MS. KIRSCHNER such that they believed he had $172,000 in life insurance coverage under the Plan when, according to SUN LIFE, he did not; and

d) Failing to properly maintain records as required by ERISA.

40. At all relevant times, SUN LIFE and HARWOOD CONSTRUCTION were each an ERISA fiduciary and owed Ted Kirschner and his beneficiary, MS. KIRSCHNER, all the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a).

41. SUN LIFE, HARWOOD CONSTRUCTION and the DOE Defendant(s), respectively, breached said duties by, among other things, failing to discharge its duties solely in the interest of, and for the exclusive purpose of, providing benefits to participants and their beneficiaries, including MS. KIRSCHNER.

42. Further, SUN LIFE and HARWOOD CONSTRUCTION, respectively, breached said duties by failing to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

43. As a proximate result of the breach of fiduciary duty by SUN LIFE and HARWOOD CONSTRUCTION, respectively, MS. KIRSCHNER has damages for loss of life insurance benefits plus interest in a total sum to be shown at the time of trial.

44. MS. KIRSCHNER is entitled to relief pursuant to 29 U.S.C. § 1132(a), including but not limited to, equitable surcharge.

45. As a further direct and proximate result of this breach of fiduciary duty, MS. KIRSCHNER, in pursuing this action, has been required to incur attorneys' fees

and costs. Pursuant to 29 U.S.C. § 1132(g)(1), MS. KIRSCHNER is entitled to have such fees and costs paid by SUN LIFE and HARWOOD CONSTRUCTION.

46. The wrongful conduct of SUN LIFE, HARWOOD CONSTRUCTION and the DOE Defendant(s) has created uncertainty where none should exist, therefore, MS. KIRSCHNER is entitled to equitable remedies to remove the uncertainty.

## REQUEST FOR RELIEF

WHEREFORE, under the First Claim for Relief and Second Claim for Relief, MS. KIRSCHNER prays for relief against Defendants as follows:

1. An award of benefits as provided by the Plan, together with interest at the legal rate from the date it became due until the date it is paid;

2. For costs and reasonable attorneys' fees incurred in this action; and,

3. For such other and further relief as the Court deems just and proper.

Dated: February 16, 2021

DONAHUE & HORROW LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff

DONAHUE & HORROW LLP